IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA, )
)
vs. ) Case No. CR503-18
)
MIESHA OMAR PORTER, )
)
Defendant. )
)

O R D E R

Before the Court is Defendant's "Motion For Relief From Final Judgement (sic) And For Reconsideration Of Defendant's § 2255 Motion For Post-Conviction Relief And Resentencing." (Doc. 44.) On February 10, 2004, Defendant pled guilty, pursuant to a plea agreement, to one count of distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced, on April 28, 2004, to 97 months imprisonment, four years supervised release and payment of a $100 special assessment. Defendant did not file a direct appeal. In his present motion, Defendant argues that he should be resentenced based on the Supreme Court's decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).[1]

---

[1] In Booker, the Supreme Court held that "the mandatory nature of the federal [sentencing] guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial." In Re Anderson, 396 F.3d 1336, 1338 (11th Cir. 2005) (citing Booker, 125 S. Ct. at 756). Consequently, the Court severed and struck down the portion of the Federal Sentencing Act which made application of the guidelines mandatory.

As an initial matter, the Court notes that Defendant's motion is titled as both a motion for relief from final judgment and a motion for reconsideration of Defendant's § 2255 petition. To the extent that Defendant is seeking relief from the judgment in his criminal case under Federal Rule of Civil Procedure 60(b), which allows for relief from judgments or orders for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc., his motion must be **DENIED**. "Rule 60(b) simply does not provide for relief from judgment in a criminal case. . . ." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Moreover, although Defendant's motion asks the Court to reconsider its ruling on his § 2255 petition, a review of the record in this case indicates that Defendant has not previously filed a § 2255 petition. Thus, the Court construes the motion now before it as Defendant's motion to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255.

A § 2255 petition, while obviously related to a defendant's criminal case, is a separate civil action. Accordingly, the Clerk's Office is **DIRECTED** to assign this matter a civil case number and to re-docket Defendant's motion and this Order in that case. Further, Defendant is **ORDERED** to pay the filing fee applicable to civil cases or make a motion to proceed informa pauperis within twenty (20) days of the date of this Order. After

this matter has been properly filed and docketed, the Court will proceed to ruling on the merits of Defendant's § 2255 petition.

SO ORDERED, this 10th day of May, 2005.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO: CR503-18 |
| MIESHA OMAR PORTER, | * | |
| Defendant. | * | |

### MOTION FOR RELIEF FROM FINAL JUDGEMENT AND FOR RECONSIDERATION OF DEFENDANT'S § 2255 MOTION FOR POST-CONVICTION RELIEF AND RESENTENCING

COMES NOW counsel for Defendant MIESHA OMAR PORTER, at the express instructions of Mr. Porter, and moves this Honorable Court for relief from a final judgment or order, and for reconsideration of his Motion for post-conviction relief and for resentencing under Title 28 U.S.C. § 2255.

Title 28 U.S.C. § 2255 states: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time." 28 U.S.C. § 2255

On April 28, 2004, this Court entered judgment in this case. It sentenced the Defendant to 97 months in prison after using the Federal Sentencing Guidelines to find he had an offense level of 29 and a criminal history of II. (Exhibit "A"). Under Count VI of the indictment, the Defendant was

charged with distribution of five grams or more of cocaine base [21 U.S.C. § 841(a)(1)] which carried with it a possible sentence of 5 to 40 years imprisonment, $2,000.00 fine, and at least 4 years of supervised release and a $100.00 special assessment. A direct appeal was not pursued after sentencing. Less than one year has elapsed since the Defendant's conviction. Since the date of conviction, the Supreme Court, in United States v. Booker, No. 04-104 (2005) and United States v. Fanfan, No. 04-105 (2005), has held that the Federal Sentencing Guidelines are unconstitutional as written. The Court held that a sentencing court may refer to them, but it is not bound by them. At the Defendant's sentencing, this Court mentioned to him that it was required to sentence him pursuant to the guidelines even though it had reservations as to why people convicted of his crime appear to be treated more harshly than for other drug offenses. Defendant believes that if the Court had not had its hands tied at the time he may have received a less severe sentence. Based upon the above, the Defendant respectfully requests the Court conduct a hearing and resentence him.

This __7th__ day of __April__, 2005.

Respectfully submitted by

_____
JOSEPH E. EAST
Attorney for Defendant

Post Office Box 1265
Kingsland, Georgia 31548
(912) 576-2668
Georgia Bar No. 237637

**EXHIBIT A**

# United States District Court

SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Miesha Omar Porter | Case Number: CR503-00018-001 |
| | USM Number: 11732-021 |
| | Joseph E. East |
| | Defendant's Attorney |

## THE DEFENDANT:

[X] pleaded guilty to Count _6_.
[ ] pleaded nolo contendere to Count(s) _ which was accepted by the court.
[ ] was found guilty on Count(s)_ after a plea of not guilty.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of 5 grams or more of cocaine base | December 6, 2001 | 6 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)___.
[X] Counts _1-5_ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 28, 2004
Date of Imposition of Judgment

_/s/_
Signature of Judge

William T. Moore, Jr.
Chief Judge, U.S. District Court

Name and Title of Judge

_APRIL 30, 2004_
Date

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: __97 months__.

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at ___ [ ] a.m. [ ] p.m. on _____.
    [ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [X] before 2 p.m. on __May 31, 2004__.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ 

at _____, with a certified copy of this judgment.

                                                                 United States Marshal

                                                 By _____
                                                           Deputy United States Marshal

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 4 years .

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of testing for drug and alcohol abuse and, if the probation officer determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the Court. The cost of treatment shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
                    Defendant                                    Date


          _____          _____
          U. S. Probation Officer/Designated Witness              Date

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | | |

[ ]  The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | | | |

[ ]  Restitution amount ordered pursuant to plea agreement   $ _____

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]  The interest requirement is waived for the   [ ] fine   [ ] restitution.
   [ ]  The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X] Lump sum payment of $100 due immediately, balance due

    [ ] not later than ___, or
    [ ] in accordance   [ ] C, [ ] D, [ ] E, or [ ] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. the court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### PROBATION OFFICE

**RICHARD A. LONG**
ACTING CHIEF PROBATION OFFICER

P. O. BOX 8165
SAVANNAH 31412

PHONE: 912-650-4150
FAX: 912-650-4148



**AUGUSTA 30903**
P. O. BOX 760
PHONE: 706-849-4450
FAX: 706-849-4449

**BRUNSWICK 31521**
P. O. BOX 378
PHONE: 912-280-1350
FAX: 912-280-1349

**STATESBORO 30459**
P. O. BOX 1179
PHONE: 912-764-8876
FAX: 912-764-9846

BRUNSWICK
May 6, 2004

Joseph E. East
Attorney at Law
607 Isabella Street
Waycross, Georgia 31501

                RE:    PORTER, Miesha Omar
                       Dkt. No. CR503-00018-001

Dear Mr. East:

Enclosed is a copy of the Statement of Reasons concerning the above-named defendant. This is a confidential document and is not to be disclosed to any other party.

                                  Sincerely,

                                  Philip J. Lyons
                                  Sentencing Guidelines Specialist

Enc.
c: Ms. Cameron Ippolito, AUSA
   Financial Litigation Unit

GASP307 (08-30-01)

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001
DISTRICT: Southern District of Georgia

## STATEMENT OF REASONS
(Not for Public Disclosure)

[X] **THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.**

**OR**

[ ] **THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:** (Use Page 3, if necessary.)

  [ ] Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics):

  [ ] Chapter Three of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  [ ] Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

[ ] **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence reports.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | | 29 | | |
| Criminal History Category | | II | | |
| Imprisonment Range: | 97 | to | 121 | months |
| Supervised Release Range: | at least 4 years | | | |
| Fine Range: | $ 15,000 | to | $ 2,000,000 | |

[X] Fine waived or below the guideline range because of inability to pay.

[ ] **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

**OR**

[ ] **THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:** (Use Page 3, if necessary.)

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001
DISTRICT: Southern District of Georgia

# STATEMENT OF REASONS
(Not for Public Disclosure)

## RESTITUTION DETERMINATIONS

Total Amount of Restitution: $ N/A

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C § 3663A(c)(3)(A).

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

[ ] For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

[ ] Restitution is not ordered for other reasons:

[ ] Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

## DEPARTURE (Check all that apply)

[ ] The sentence departs below the guideline range for the following reasons; or
[ ] The sentence departs above the guideline range for the following reasons:

### Pursuant to a Plea Agreement
[ ] based on 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] based on a government motion pursuant to an early disposition program;
[ ] based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
[ ] based on a plea agreement which cites the below reason for departure, which the court finds to be justified; or
[ ] based on a plea agreement which states that the government will not oppose a defense departure motion and cites the below reason.

### Pursuant to a Motion Not Addressed in a Plea Agreement
[ ] pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] pursuant to a government motion based on the below reason for departure; or
[ ] pursuant to a defense motion based on the below reason for departure to which the government has not objected; or
[ ] pursuant to a defense motion based on the below reason for departure to which the government has objected.
[ ] Other than plea agreement or motion by the parties based on the below reason for departure.

Reason(s) for Departure

[ ] 4A1.3 Criminal History Adequacy (explain)
[ ] 5K2.0 Aggravating or Mitigating Circumstances (explain):
[ ] 5K2.1 Death
[ ] 5K2.2 Physical Injury
[ ] 5K2.3 Extreme Psychological Injury
[ ] 5K2.4 Abduction or Unlawful Restraint
[ ] 5K2.5 Property Damage or Loss
[ ] 5K2.6 Weapons and Dangerous Instruments
[ ] 5K2.7 Disruption of Government Function

[ ] 5K2.8 Extreme Conduct
[ ] 5K2.9 Criminal Purpose
[ ] 5K2.10 Victim's Conduct
[ ] 5K2.11 Lesser Harm
[ ] 5K2.12 Coercion and Duress
[ ] 5K2.13 Diminished Capacity
[ ] 5K2.14 Public Welfare

[ ] 5K2.16 Voluntary Disclosure of Offense
[ ] 5K2.17 High-Capacity Semiautomatic Firearm
[ ] 5K2.18 Violent Street Gang
[ ] 5K2.20 Aberrant Behavior
[ ] 5K2.21 Dismissed and Uncharged Conduct
[ ] 5K2.22 Age or Health of Sex Offenders
[ ] 5K2.23 Discharged Terms of Imprisonment
[ ] 5K3.1 Early Disposition, "fast-track" Program

[ ] Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis). (Use Page 3, if necessary.)

DEFENDANT: Miesha Omar Porter
CASE NUMBER: CR503-00018-001
DISTRICT: Southern District of Georgia

## STATEMENT OF REASONS
(Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**
(If necessary.)


**SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS**
(If necessary.)


**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**
(If necessary.)


**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**
(If necessary.)


| | | |
|---|---|---|
| Defendant's Soc. Sec. No: | 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 | April 28, 2004 — Date of Imposition of Judgment |
| Defendant's Date of Birth: | March 2, 1973 | Signature of Judge |
| | | William T. Moore, Jr.<br>Chief Judge, U.S. District Court |
| Defendant's Residence Address: | 3085 Brentwood Street<br>Waycross, Georgia 31503 | Name and Title of Judge |
| Defendant's Mailing Address: | 3085 Brentwood Street<br>Waycross, Georgia 31503 | April 30, 2004 — Date Signed |

# CERTIFICATE OF SERVICE

I, Joseph E. East attorney for the defendant, do hereby certify that I have this day served a copy of the foregoing **Motion For Relief From Final Judgement And For Reconsideration Of Defendant's § 2255 Motion For Post-Conviction Relief And Resentencing** upon:

> Mr. Cameron Heaps Ippolito
> **Assistant U.S. Attorney**
> Post Office Box 8970
> Savannah, Georgia  31412

by mailing a copy of the same him in a properly addressed envelope with sufficient postage to cover same.

This __7th__ day of __April__, 2005.

JOSEPH E. EAST
Attorney for Defendant

Post Office Box 1265
Kingsland, Georgia  31548
(912) 576-2668
Georgia Bar No. 237637